## VAIL v. RICHARDS.

(Circuit Court of Appeals, Fifth Circuit. June 5, 1894.)

### No. 232.

TAX TITLES—POSSESSION OF PURCHASER—EJECTMENT BY FORMER OWNER.
  Laws Fla. c. 4115, § 65, passed June 2, 1893, relating to recovery of possession of land sold for taxes, provides that, when a purchaser of such real estate prior to the passage of the act "has not entered into and taken actual possession of the same, he shall, within one year from the passage of this act, bring suit for the recovery of actual possession of the real estate described in such tax title, and in default thereof such tax title shall become void and of no effect." Such a purchaser, who, before the passage of the act, had obtained his tax deed, no one being in possession of the land, entered and took possession of it on October 1, 1893, and thereafter remained in possession. On October 30, 1893, the former owner brought ejectment against him for the land. *Held*, that the action could not be maintained.

Error to the Circuit Court of the United States for the Northern District of Florida.

This was an action of ejectment by William E. Vail against George W. Richards. The parties agreed to waive a trial by jury, and submitted the case on an agreed statement of facts. The circuit court rendered judgment for defendant. Plaintiff brought error.

The waiver and agreed statement of facts were as follows:

The parties to the above-entitled action hereby agree to waive a trial by jury herein, and to submit this case to any judge or judges of said court for finding, verdict, and judgment upon the following agreed statement of facts, which are hereby admitted to be true:

(1) William E. Vail, the plaintiff, is a citizen and resident of the state of New York, and was such at the beginning of this action.

(2) George W. Richards, the defendant, is a citizen and resident of the state of Pennsylvania, and was such at the beginning of this action.

(3) The lands in controversy are correctly described in the plaintiff's declaration.

(4) The lands in controversy are worth more than six thousand dollars ($6,000.00), and the sum, amount, or value in controversy in this action exceeds, exclusive of interest and costs, said amount of $6,000.

(5) The lands in controversy were owned by Frank J. Hinson on January 1, 1888, he then holding the same by a good and valid title in fee simple. The plaintiff herein holds a deed to said lands from a master in chancery, passed upon a valid proceeding of foreclosure of a valid mortgage, executed by the said Hinson to the plaintiff, but the defendant herein was not a party either to the said mortgage or to the said foreclosure proceeding.

(6) On August 4, 1889, the said lands were sold by the tax collector of Lake county, Florida, for the unpaid taxes thereon for the year 1888, and said lands were bought at said tax sale by one R. H. Ramsey, to whom there issued a certain tax certificate, in which it was certified that the said Ramsey had bought the said lands at such tax sale, the said certificate being number 33. This certificate was on October 16, 1890, assigned by said Ramsey to the defendant, Richards. On June 1, 1891, said Richards presented said certificate to the clerk of the circuit court of Lake county, Florida, that being the county and state in which said lands were situated, and said clerk issued a tax deed to said Richards conveying said lands to him. All the proceedings relative to the assessment of the said lands for taxes, the advertising of same for sale, because of nonpayment of taxes, and the sale of said lands at tax sale aforesaid for taxes, and the issuance of said certificate of purchase at the said tax sale to the said Ramsey, and the assignment of such certificate by said Ramsey to said Richards, and the issuing and delivery of the said tax deed, were proper and legal and regular, and in due form as required by law. The said taxes on the said lands had not been paid at or before the said tax sale took place, and the said lands were never redeemed from said sale. The said tax deed was by said Richards duly filed for record and properly and regularly recorded on the 12th day of June, 1891, at page 389 of Book No. 1 of Tax Deeds, in the office of the clerk of the circuit court of the said county of Lake, state of Florida.

(7) On October 1, 1893, the defendant, by his agents, went to the lands in controversy, and, finding no one in possession of said lands, or any part thereof, he entered upon the said lands peaceably, openly, and quietly, and then and there took actual, open, notorious, and adverse possession thereof, and remained in such possession up to the time of the commencement of this action, and is at the present time still in possession of the said lands.

(8) Chapter 3681 of the Laws of Florida is entitled "An act for the assessment and collection of revenue," and took effect August 4, 1887; and chapter 4115 of the Laws of Florida is also entitled "An act for the assessment and collection of revenue," and took effect August 1, 1893, having been passed June 2, 1893.

(9) It is further agreed that, at the trial or hearing of this cause, each and every part of the constitution of the United States and of the constitution of the state of Florida (adopted and ratified by the people of Florida in the year 1885), and all the laws and parts of laws of the state of Florida relative to the assessment and collection of taxes, the sale of lands for unpaid taxes, and all the proceedings leading up to, or in any way connected with, tax sales or tax titles within the state of Florida, so far as same may be applicable or relevant, are to be considered by the court, and, if necessary or advisable, may be offered in evidence at the trial.

If, upon the foregoing facts, it shall be found that the plaintiff is entitled to maintain this action, a judgment shall be entered in favor of the plaintiff

for the recovery of the possession of the lands described in the plaintiff's declaration, and also damages in the sum of two thousand five hundred dollars ($2,500); but, if the court shall be of opinion that the plaintiff is not entitled to recover, judgment shall be entered for the defendant against the plaintiff on the merits, and for the costs of the action.

No right of appeal or other rights are to be waived by either of the parties, except as herein expressly stipulated.

Laws Fla. c. 4115, mentioned in the foregoing agreed statement, contained the following provision:

Sec. 65. When the purchaser of land at a tax sale goes into actual possession of such land, no suit for the recovery of the possession thereof shall be brought by the former owner or claimant, his heirs or assigns, or his or their legal representatives for the recovery of the possession of such land, unless such suit be commenced within four years after the purchaser of such tax sale goes into possession of the land so bought; and the purchaser at such tax sale, when said real estate is in the adverse actual possession of any person or persons, shall not be entitled to recover possession of such real estate bought at such tax sale, unless suit for such recovery shall be brought within one year from the date of acquiring a right to such tax title; and where any purchaser of any real estate situated in this state, prior to the passage of this act, has not entered into and taken actual possession of the same, he shall, within one year from the passage of this act, bring suit for the recovery of actual possession of the real estate described in such tax title, and in default thereof such tax title shall become void and of no effect.

### J. B. Gaines, for plaintiff in error.

Upon the record in this case, including the agreed statement of facts, but two questions are presented for determination by the court:

First. The constitutionality of that part of section 65, c. 4115, Laws Fla. (Acts of 1893), which reads as follows: "And where any purchaser of real estate, situated in this state, prior to the passage of this act, has not entered into and taken possession of the same, he shall, within one year from the passage of this act, bring suit for the recovery of actual possession of the real estate described in such tax title, and in default thereof such tax title shall become void and of no effect."

Second. Has the holder of such tax deed any remedy for the enforcement of his right, other than by suit, within one year from the passage of the act in question?

The plaintiff in error contends that the provisions of the act in question referred to are constitutional, and that the defendant in error had no right under the law to possession of the lands in question except upon judgment in his behalf upon suit filed within one year from the passage of the act.

### Arthur Oolin (Walter C. Anderson and Clark Varnum, of counsel), for defendant in error.

Upon the agreed statement of facts in this case, under the law of Florida defendant in error was, on June 1, 1891, and ever since has been, the absolute owner of the lands in controversy, under and by virtue of the certain tax deed above referred to, and entitled to the possession thereof, and constructively presumed to be in possession thereof, unless by a subsequently enacted law (hereinafter quoted) such ownership and possession and right of possession have all been taken away from him by legislative enactment. The law referred to is a part of section 65, c. 4115, Laws Fla., and was passed June 2, 1893, and, so far as is applicable to this case, is as follows: "And where any purchaser of any real estate situated in this state, prior to the passage of this act, has not entered into the actual possession of the same, he shall, within one year from the passage of this act, bring suit for the recovery of actual possession of the real estate described in such tax title, and in default thereof such tax title shall become void and of no effect. * * * "

It is alone upon this provision that the plaintiff in error bases his right to the possession of the property in controversy, claiming that the defendant

in error must sue for possession within one year from August 1, 1893, or lose all; and claiming, further, that this statute prevents the defendant in error from taking possession after August 1, 1893, except by and through such suit, and that if the defendant in error took possession after August 1, 1893,— the time when such law took effect,—such taking of possession was so unlawful as that ejectment would lie against him. Notwithstanding the fact that the land was, prior to the 1st day of October, 1893, vacant and unoccupied, and the further fact that under the prior laws of Florida, to wit, sections 1287–1289, Rev. St. Fla., existing and in full force at the time of the execution of said tax deed, said lands were then, and for over two years had been, constructively in the possession of the defendant in error, who held title through and from the state of Florida, the plaintiff in error now claims that this new law of June 2, 1893, so changed the rights of the parties as to make unlawful the entry of the defendant in error upon the real estate, and the taking of actual possession thereof, after August 1, 1893.

The defendant in error contends that this statute is unconstitutional, and therefore void and of no force or effect, for the following reasons:

First. It impairs the obligation of contracts.

Second. It deprives persons of property without due process of law.

Third. It lessens the time within which a civil action may be commenced on a cause of action existing at the time of its passage.

Fourth. Chapter 4115 of the Laws of 1893 of the state of Florida embraces more than one subject.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PER CURIAM. Without considering the question as to whether the statute of the state of Florida brought in question be constitutional or not with respect to the rights involved in this case, but considering that, on the agreed facts as submitted to the circuit court, the plaintiff in the court below (plaintiff in error here) has no case entitling him to relief, it is ordered that the judgment of the circuit court be, and the same is hereby, affirmed.